UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　　　　　Plaintiff,<br>v.<br>PHILLIP A. WELLER II,<br>　　　　　　　　Defendant. | Case No.: 12-CR-5154-W<br><br>**ORDER DENYING MOTION TO REDUCE SENTENCE** |

　　On April 29, 2013, this Court sentenced Defendant Phillip A. Weller II to 135 months imprisonment for conspiracy to engage in sex trafficking of children in violation of 18 U.S.C. § 1594(c). Defendant now moves for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), arguing that his obesity and hypertension make him particularly vulnerable to becoming seriously ill from COVID-19. Defendant also alleges that his arthritis and vertigo make it difficult to navigate his prison environment.

　　Defendant further requests that the Court consider a factor outside the applicable Sentencing Commission policy statement, specifically, that an alleged guideline error at his sentencing hearing justifies a sentence reduction.[1]

---

[1] The Court notes Defendant's August 21, 2018, 18 U.S.C. § 3582(c) Motion to Reduce Sentence (Doc. 90) was based on the same guideline claims associated with U.S. v. Wei-Lin, 841 F.3d 823 (9th Cir.

1

12-CR-5154-W

1     18 U.S.C. § 3582(c) provides that a defendant may bring a motion only after he has
2 "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons" to
3 bring a motion on his behalf. Defendant has satisfied the exhaustion requirement and the
4 Court has jurisdiction and for the reasons below **DENIES** Defendant's motion.
5     Under 18 U.S.C. § 3582(c)(1)(A), a court may reduce a defendant's term of
6 imprisonment "after considering the factors set forth in [18 U.S.C. § 3553(a)]" if the
7 court finds that "extraordinary and compelling reasons warrant such a reduction" and
8 "such a reduction is consistent with applicable policy statements issued by the Sentencing
9 Commission." The United States Sentencing Commission ("USSG") recognizes that
10 certain medical conditions may constitute an "extraordinary and compelling reason"
11 warranting a reduction in sentenced under § 3582. See USSG § 1B1.13. However,
12 application note 1(A) limits a reduction for medical conditions to "terminal illness" or if
13 the defendant is:

    (I) suffering from a serious physical or medical condition,

    (II) suffering from a serious functional or cognitive impairment, or

    (III) experiencing deteriorating physical or mental health because of
    the aging process,

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13, cmt. n.1(A)(i)-(ii).

---

2016). Defendant's appeal of this Court's denial of that motion was rejected by the Ninth Circuit (Doc. 101).

Defendant's medical ailments do not meet these limitations. Defendant's ordinary hypertension can be managed in prison and is not one of the conditions identified by the CDC as increasing a person's risk for developing serious illness from COVID-19. While the CDC has stated that obesity with a BMI over 30 is a risk factor, it is notable that 40% of American adults have a BMI of 30 or higher. A BMI of 30.7, with no other serious resulting conditions, fails to persuade the Court that it qualifies as "extraordinary and compelling."

The other potential ailments listed by Defendant, arthritis and vertigo, can and are being managed by the Bureau of Prisons and do not rise to the level of a risk factor. Nor does the potential to contract COVID-19 generally, which threatens every non-immune person in the country. The Bureau of Prisons has a lengthy and detailed protocol addressing social distancing, hygienic and cleaning protocols, and the quarantining and treatment of symptomatic inmates.

Based on the foregoing, Defendant is not eligible for a sentence reduction due to extraordinary and compelling reasons under the USSG policy statement.

**IT IS SO ORDERED.**

Dated:  November 20, 2020

_____
Hon. Thomas J. Whelan
United States District Judge