# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>v.<br><br>PHILLIP A. WELLER II,<br><br>                              Defendant. | Case No.: 12-CR-5154-W<br><br>**ORDER REGARDING MOTION FOR RECONSIDERATION** |

Pending before the Court is Defendant's Motion to Reconsider Mr. Weller's Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A)(i). Defendant requests reconsideration on the narrow question of whether a court can grant a § 3582(c)(1) motion for "extraordinary and compelling reasons" other than those listed in U.S.S.G § 1B1.13.

Upon reconsideration, the Court now agrees with Defendant that it can consider factors outside of those articulated in the Commission's policy statement. Defendant argues that because of a change in sentencing guidelines his sentence, if calculated today, would be lower and that because of his conviction offense he is not eligible to participate in the Bureau of Prisons ("BOP") RDAP program. The Court is not persuaded that the "extraordinary and compelling" standard can be satisfied by claims of legal error which can be addressed on direct appeal or by habeas petition. See United States v. Lisi, 440 F. Supp. 3d 246, 251 (S.D.N.Y. 2020) (finding "that it would be both improper and

inconsistent with the First Step Act to allow Lisi to use 18 U.S.C. § 3582(c)(1)(A) as a vehicle for claiming legal wrongs, instead of following the normal methods of a direct appeal or a habeas petition"). Further, ineligibility for a BOP program is not a qualitative factor.

Based on the foregoing, and in conjunction with the Court's previous order [doc. 113], Defendant is not eligible for a sentence reduction due to extraordinary and compelling reasons. Defendant's motion for reconsideration is **GRANTED** [Doc. 114] and motion to reduce sentence [Doc. 107] is **DENIED**.

**IT IS SO ORDERED.**

Dated:  December 14, 2020

_____
Hon. Thomas J. Whelan
United States District Judge