UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>PHILLIP A. WELLER II,<br><br>Defendant. | Case No.: 12-CR-5154-W<br><br>**ORDER DENYING SUPPLEMENTAL MOTION FOR COMPASSIONATE RELEASE [DOC. 120]** |
|---|---|

Pending before the Court is Defendant's Supplemental Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A)(i), Fed. R. Crim. P. 37(b), and Fed. R. App. P. 12.1(b).

On November 20, 2020, this Court denied Defendant's motion to reduce his sentence due to the danger presented by Covid-19.  [Doc. 113.]  On December 14, 2020, the Court denied Defendant's motion for reconsideration.  [Doc. 116.]  Defendant has appealed that decision.  [Doc. 117.]  Defendant now renews his motion for reconsideration because he has contracted Covid-19.

"If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may:

(1) defer considering the motion;

(2) deny the motion; or

(3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." Fed. R. Crim. P. 37.

Thus, after an appeal has been docketed and while it remains pending, a district court may entertain a motion for relief and deny it, defer consideration, or state that it would grant it if the court of appeals remands. For the reasons stated below, the Court **DENIES** Defendant's motion.

On January 21, 2021, the Bureau of Prisons Health Services offered Defendant a Covid-19 vaccine. Defendant refused the offer. In late February 2021, Defendant contracted Covid-19. In declining vaccination, Defendant declined the opportunity to dramatically reduce his risk exposure to Covid-19. Defendant's refusal to take preventative measures undermines his assertion that "extraordinary and compelling reasons" exist to warrant his release from prison. See 18 U.S.C. § 3582(c)(1)(A) (a court may reduce a defendant's term of imprisonment if the court finds that "extraordinary and compelling reasons warrant such a reduction"); see also United States v. Lohmeier, 2021 WL 365773, at *2 (N.D. Ill. Feb. 3, 2021) (explaining that a defendant "cannot reasonably expect that prolonging his risk by declining vaccination will be rewarded with a sentence reduction); United States v. Williams, 2021 WL 321904, at *3 (D. Ariz. Feb. 1, 2021) ("Defendant's own behavior [in refusing vaccination] is inconsistent with his position that he believes he is at increased risk from the virus."); United States v. Gonzalez Zambrano, 2021 WL 248592, at *5 (N.D. Iowa Jan. 25, 2021) ("Although defendant has a right to refuse medical treatment . . . . [i]t would be paradoxical to endorse a system whereby a defendant could manufacture extraordinary and compelling circumstances for compassionate release by unreasonably refusing the health care afforded to them.")

Even if the Court were to conclude that Defendant presented an extraordinary and compelling basis to reduce his sentence, releasing him into the community while he has

1  Covid-19 would be a danger to the safety of the community.  See, e.g., United States v.
2  Bobroff, No. 14-CR-00136-CMA-8, 2020 WL 4271712, at *3 (D. Colo. July 24, 2020)
3  ("releasing Mr. Bobroff under the present circumstances would create a risk of infection
4  for individuals who come into contact with him, such as his family members and
5  Probation Office employees").  The Court will not take Defendant out of medical
6  isolation and potentially cause him to transmit a highly contagious disease to other people
7  at a time when society is struggling to control Covid-19 transmissions.
8      Based on the foregoing, Defendant's supplemental motion for compassionate
9  release [Doc. 120] is **DENIED**.
10     **IT IS SO ORDERED.**
11 Dated:  March 9, 2021

_____
Hon. Thomas J. Whelan
United States District Judge